

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 5, 1974

The Honorable Raymond W. Vowell
Commissioner,
State Department of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 321

Re: Validity of rider to
Department of Public
Welfare's appropriations
requiring dentures for
Public Welfare recipients
to be made in the labora-
tory of the Department of
Corrections.

Dear Commissioner Vowell:

The current Appropriations Act for fiscal 1974 and 1975 sets aside a sum of money from the Medical Assistance Fund to be used by the Department of Public Welfare for "Eye Glasses, Dentures and Hearing Aids." Acts 1973, 63rd Leg., ch. 659, p. 1858, Item 50A(b). You are concerned with a provision apparently intended as a rider to this appropriation which states:

> "(8) In all instances in which the Department provides,
> out of funds appropriated under Item 52A [sic., obviously
> intended to refer to Item 50A], dentures for recipients of
> Public Assistance, it is the intent of the Legislature that
> the recipient shall have the choice of dentists, but the
> plates must be made in the laboratory of the Department
> of Corrections from impressions furnished by the dentist."
> Acts 1973, 63rd Leg., ch. 659, p. 1860. (Emphasis added)

Section 35 of Article 3 of the Texas Constitution provides in part:

> "No bill, (except general appropriation bills, which
> may embrace the various subjects and accounts, for
> and on account of which moneys are appropriated) shall
> contain more than one subject, which shall be expressed
> in its title."

p. 1484

The nature of appropriations bills necessitated a special exception to the traditional one subject requirement to allow inclusion of appropriations of funds for two or more departments, subjects, accounts or purposes with the one general purpose of appropriating money and limiting its use. Attorney General Opinion V-1254 (1951).

A general appropriations bill is nonetheless subject to the constitutional prohibition against including more than one subject in a bill. The appropriation of funds is the allowed one subject of the bill and consequently, a general appropriations bill cannot contain another different subject, such as general legislation through a rider.  An appropriation bill or a rider to it may set aside a sum of money for a specific purpose, provide the means for its distribution, and to whom it shall be distributed, if the rider is necessarily connected with and incidental to the appropriation and use of funds.

In our opinion, a rider which is merely declaratory of existing law, in many instances may properly limit and restrict an appropriation by words directing that the funds "must" be spent in a particular manner. However, in this instance the language requiring that denture "plates must be made in the laboratory of the Department of Corrections" is a form of general legislation and is prohibited by Art. 3, Sec. 35 from inclusion in a general appropriations bill.

Item 50A, the "Medical Assistance Fund" of the appropriation to the Department of Public Welfare, is the repository of all appropriations pursuant to the "Medical Assistance Act of 1967", Sec. 17, Article 695j-1, V. T. C. S.

Section 2 of the latter Act explains that its purpose, in part, is "to enable the state to obtain all benefits provided by the Federal Social Security Act as it now reads or as it may be amended . . . This Act shall be liberally construed and applied in relation to Federal law and regulations . . . . "

Section 5 of the state law tracks a federal requirement by providing that "No recipient of Medical Assistance shall be denied freedom of choice in his selection of a provider of Medical Assistance that is authorized by the State Department of Public Welfare. "

The provision of the federal Social Security Act which requires "free choice" as one aspect of a qualifying State plan for medical assistance is Section 1902(a)(23), codified as 42 U.S.C.A., Sec. 1396(a), providing:

"A State plan for medical assistance must -

. . .

"(23)  provide that any individual eligible for medical assistance (including drugs) may obtain such assistance from any institution, agency, community pharmacy, or person, qualified to perform the service or services required . . . "

Federal regulations in defining denture service, require not only that dentures be prescribed by a dentist, but that the dentures be made by or according to the directions of a dentist. 45 C.F.R., Sec. 249.10 (12)(ii).

In our opinion, the rider is an attempt to amend the general provision in Article 695j-1, Sec. 5, which confers upon a recipient "freedom of choice in his selection of a provider of Medical Assistance", and is to that extent invalid as general legislation contained in an appropriations bill. . . .

The Prison-Made Goods Act of 1963, Article 6203c, Sec. 9, V.T.C.S. authorizes the Department of Corrections to supply the requirements of the Department of Public Welfare, if it is able to do so. However, in our opinion, that Act does not require the Department of Public Welfare to use the prison facilities to make dentures in every instance, and especially if doing so would violate any provision of the Texas "Medical Assistance Act of 1967" or otherwise it could place the state in a position of noncompliance with Title XIX of the federal Social Security Act, 42 U.S.C. 1396(a), et seq., and its applicable federal regulations.

## SUMMARY

A rider to the Department of Public Welfare's appropriations for 1974 and 1975 requiring dentures for

welfare recipients to be made in the laboratory at
the Department of Corrections is invalid as general
legislation contained in a General Appropriations
Bill in violation of Sec. 35, Article 3.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee